IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS G. ESCARENO,

      Plaintiff,

vs.                                                                                          CIV No. 16-0847 KBM

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

      Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff filed his Complaint on July 25, 2016. *Doc. 1*. On July 26, 2016, the Court authorized Plaintiff to proceed without prepayment of filing fee, costs or security, pursuant to 28 U.S.C. § 1915, and ordered the United States Marshal to serve a copy of the Summons and Complaint on the United States Attorney, the Attorney General, and the Office of the General Counsel, in accordance with Fed. R. Civ. P. 4(c)(3). *Doc. 4*. Although the docket indicates that a summons was issued by the Clerk's Office on August 11, 2016, there is no indication that Plaintiff's counsel actually delivered this summons to the U.S. Marshal Service, as there is no return of service or entry of appearance by counsel for Defendant. Furthermore, a notation on the docket indicates that counsel for Plaintiff advised the Clerk's Office on January 20, 2017, that he had not yet delivered the summons to the U.S. Marshal Service for service.

Federal Rule of Civil Procedure 4(m) provides:

> If a service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the

1

> court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). More than 120 days have passed since the filing of Plaintiff's Complaint without any indication that service has been made on Defendant. Moreover, there has been no any activity in this case since the issuing of the summons on August 11, 2016. Thus, there appears to be a manifest lack of interest on the part of Plaintiff in litigating this matter.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

IT IS THEREFORE ORDERED that Plaintiff must show cause, in a written document to be filed with the Court no later than **Monday, February 27, 2017,** why this case should not be dismissed.   Plaintiff is hereby notified that failure to respond to this Order may result in dismissal of this action without further notice.

IT IS SO ORDERED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE